UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| NORRIS BROS. EXCAVATING, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| SOUTHERN PIPE & SUPPLY COMPANY, INC., | ) | 3:21-CV-00357-DCLC-DCP |
| Defendant/Third-Party Plaintiff, | ) | |
| v. | ) | |
| ROMAC INDUSTRIES, INC., | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Third-Party Defendant Romac Industries, Inc.'s ("Romac") Motion to Exclude the Expert Reports and Testimony of Todd J. Menna, Ph.D. [Doc. 54]. The motion is fully briefed and ripe for resolution. For the reasons stated herein, Romac's motion is **DENIED**.

**I.     BACKGROUND**

Plaintiff Norris Brothers Excavating, LLC ("Norris Bros.") initiated this action following major leaks in a water transmission line it installed for the City of Anniston, Alabama. Norris Bros. alleges that the leaks were caused by defects and failures of restraining gaskets manufactured by Romac and supplied by Defendant Southern Pipe and Supply Company, Inc. ("Southern Pipe"). In support of its claims, Norris Bros. disclosed Todd J. Menna, Ph.D., ("Dr. Menna") as an expert. Dr. Menna, an Engineering Manager for Element Materials Technology ("Element"), prepared a

1

report on September 8, 2022, expressing his opinion that the restraining gaskets failed as a result of a manufacturing defect [Doc. 55-1, pg. 3]. Following Romac's disclosure of its expert, Richard Edwards, P.E., and his report, on November 4, 2022, Norris Bros. disclosed a "Rebuttal Report" prepared by Dr. Menna, in which he (1) expressed concerns with Mr. Edwards' opinions and (2) modified his original opinion identifying a manufacturing defect as the cause of the gaskets' failure [Doc. 55-2, pg. 5].

In modifying his opinion, Dr. Menna concluded that, based on new information and the previous analysis of the damaged gaskets, "[t]he root cause of the cracking and failure" was "related to the ageing and degradation of the gaskets prior to delivery to the Anniston job site" [*Id.*]. Dr. Menna ultimately opined that "[h]ad Romac provided Norris Brothers with gaskets that had not been in storage for (at a minimum) the previous three years, the gaskets would not have exhibited or induced cracking at the time of installation and the subsequent water leaks would not have occurred" [*Id.*]. Romac now moves, pursuant to Fed.R.Evid. 702, to exclude both of Dr. Menna's reports and any testimony related to the opinions disclosed in those reports.

## II. LEGAL STANDARD

The proponent of expert testimony must establish admissibility of such testimony "by a preponderance of proof." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593, n.10 (1993). Rule 702, which governs the admissibility of expert testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

2

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. These standards apply equally to scientific testimony and other types of expert testimony based on technical or specialized knowledge. *Kumho Tire Co., LTD. V. Carmichael*, 526 U.S. 137, 147–49 (1999).

### III. DISCUSSION

Romac contends both of Dr. Menna's reports must be excluded due to the lack of a proper factual basis as required by Rule 702(b) [Doc. 54]. Specifically, Romac asserts Dr. Menna relied almost exclusively on the analysis of Mary K. Kosarzycki ("Ms. Kosarzycki") in rendering his opinions and never conducted any tests on the gaskets himself [Doc. 55, pgs. 5, 7]. In 2021, Ms. Kosarzycki, a former senior engineer at Element, conducted a Failure Analysis on four restraining gaskets from the Anniston jobsite [Doc. 55-1, pg. 19]. Romac asserts Dr. Menna merely reviewed the photographs and observations recorded by Ms. Kosarzycki rather than conducting additional tests to confirm the basis of her analysis [Doc. 55, pg. 5]. Thus, Romac contends there is no basis in which Dr. Menna can speak to the reliability and accuracy of the testing [*Id*.].

Norris Bros., however, points out that Dr. Menna was involved in the analysis performed by Ms. Kosarzycki, and he signed off on the report she prepared [Doc. 58, pg. 4]. In fact, Dr. Menna testified that he was involved in Ms. Kosarzycki's 2021 project, he saw the gaskets in the lab, he handled the gaskets, and he reviewed her report before it was issued [Doc. 55-3, pgs. 17, 23, 24]. "Where an expert's testimony amounts to 'mere guess or speculation,' the court should exclude his testimony, but where the opinion has a reasonable factual basis, it should not be excluded." *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993). Considering Dr. Menna's involvement in Ms. Kosarzycki's Failure Analysis project, his opinions go beyond mere guess or speculation and have a reasonable factual basis. *See* Fed.R.Evid. 703 ("An expert may

3

Case 3:21-cv-00357-DCLC-DCP   Document 68   Filed 11/16/23   Page 3 of 5   PageID #: 831

base an opinion on facts or data in the case that the expert has been made aware of or personally observed."). Accordingly, Dr. Menna's reports meet the standards required by Rule 702(b). To the extent Romac asserts there are weaknesses in the factual basis of Dr. Menna's opinions, those weaknesses "bear on the weight of the evidence rather than on its admissibility." *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993) ("The Federal Rules of Evidence allow an expert great liberty in determining the basis of his opinions and whether an expert opinion should be accepted as having an adequate basis is a matter for the trier of fact to decide.").

As another basis for exclusion, with respect to the Rebuttal Report only, Romac asserts that Dr. Menna's opinions must be excluded as improper and untimely pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure [Doc. 55, pg. 6]. Rule 37(c)(1) precludes a party from using as evidence any information or witness it failed to provide or identify as required by Rule 26(a) or (e), "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Pursuant to the Scheduling Order, the deadline for Norris Bros. to make its expert disclosures was September 8, 2022, and rebuttal expert reports were due on November 4, 2022 [*See* Doc. 21]. Although Norris Bros. disclosed Dr. Menna's Rebuttal Report on the rebuttal deadline, Romac asserts it "can hardly be categorized as a rebuttal" because Dr. Menna "used th[e] report as a second bite at the apple, asserting an entirely new theory of causation in relation to the alleged failure of the gaskets" [Doc. 55, pg. 6].

Norris Bros. asserts that Dr. Menna merely modified his opinion in response to information presented by Romac's expert, which Norris Bros. asserts is "a proper functioning of the back-and-forth of the adversarial system and the dialogue between experts" [Doc. 58, pg. 5]. Nonetheless, even accepting Romac's position that Dr. Menna's report cannot be considered a rebuttal because he modified his original opinion, any failure to disclose by the September 8, 2022 deadline is

4

harmless. Romac deposed Dr. Menna on February 15, 2023 [*See* Doc. 55-3] and, therefore, had sufficient time to prepare in light of the November 4, 2022 disclosure. Thus, the Rebuttal Report is not subject to exclusion under Rule 37(c)(1).

IV.     **CONCLUSION**

For the reasons stated herein, Romac's Motion to Exclude the Expert Reports and Testimony of Todd J. Menna, Ph.D. [Doc. 54] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge